# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                              CASE NO: 3:13-cr-212-J-32JRK

ERICK GEORGE BROOKS

## **ORDER**

This case is before the Court on the Government's Notice of Intent to Introduce Evidence Under Fed. R. Evid. 404(b) (Doc. 49); Government's Motion in Limine to Preclude Evidence and Argument Regarding Victim's Irrelevant Acts of Prostitution (Doc. 52); Defendant's Motion to Dismiss Indictment (Doc. 53); Government's Motion for Release of Defendant's Pretrial Services Report (Doc. 55), and the various responses thereto (Docs. 51, 66, 67).

On October 27, 2014, the Court held a status conference and heard oral argument on the issues raised in the above filings, the record of which is incorporated herein. (Doc. 72.) For the reasons discussed during the conference, it is hereby

**ORDERED**:

1.  With respect to its Notice of Intent to Introduce Evidence Under Fed. R. Evid. 404(b) (Doc. 49), the Government may introduce the proposed testimony of T.J. referenced therein as inextricably intertwined with the charged offense, but must make a proffer outside the presence of the jury before referring to or introducing the proposed testimony of F.A. or J.A.R.

2.  Government's Motion in Limine to Preclude Evidence and Argument

Regarding Victim's Irrelevant Acts of Prostitution (Doc. 52) is **GRANTED in part** and **DEFERRED in part**. The motion is granted to the extent that evidence of any acts of prostitution committed by T.M. after the time period referenced in the indictment is irrelevant and therefore inadmissible. The Court does not prejudge, however, the admissibility of evidence of any communications between T.M. and the Defendant after the time period referenced in the indictment. Instead, the undersigned defers determination of the admissibility of such evidence, and of evidence of any acts of prostitution before the time period in the indictment, to the trial judge. Defendant may not reference prior acts of prostitution unless and until authorized by the trial judge.

    3.    Defendant's Motion to Dismiss Indictment (Doc. 53) is **DENIED** for the reasons stated on the record at the status conference.

    4.    Government's Motion for Release of Defendant's Pretrial Services Report (Doc. 55) is **GRANTED in part** and **DEFERRED in part**. The motion is granted to the extent that Pretrial Services is directed to provide a copy of its report in this case to counsel for the Government and counsel for Brooks. Counsel shall maintain the confidentiality of the report and return the report to Pretrial Services upon conclusion of trial. The motion is deferred to the extent that the parties shall make no reference to the report during trial unless and until authorized by the trial judge.

    5.    Pursuant to Local Rule 1.03(d), this case is reassigned to the Honorable Marcia Morales Howard for all further purpose with her consent. The Clerk is directed to reassign the case to Judge Howard.

6. Judge Howard may revisit any of the above rulings as appropriate.

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of October, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

bjb

Copies:

Honorable Marcia Morales Howard
United States District Judge

Mac Heavener, III, AUSA
Ronald W. Maxwell, Esquire
U.S. Pretrial Services
Defendant

3